**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MICHAEL ANTHONY CARRETTA, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>CROCS, INC., ANDREW REES, ANNE MEHLMAN, and SUSAN HEALY,<br><br>                              Defendants. | C.A. No.  1:25-cv-00096-JLH<br><br>Hon. Judge Jennifer L. Hall<br><br><u>CLASS ACTION</u> |
| NEIL SHAH, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>CROCS, INC., ANDREW REES, ANNE MEHLMAN, and SUSAN HEALY,<br><br>                              Defendants. | C.A. No.  1:25-cv-00356-UNA |

**[PROPOSED] ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD PLAINTIFF, AND APPROVING LEAD COUNSEL**

1

**WHEREAS**, the Court has considered the competing motions for consolidation of related actions, appointment of Lead Plaintiff, and approval of Lead Counsel filed on March 24, 2025;

**IT IS HEREBY ORDERED THAT:**

**I.      CONSOLIDATION OF RELATED ACTIONS**

1.      Pursuant to Federal Rule of Civil Procedure 42, the above-captioned actions are hereby consolidated for all purposes into one action.

2.      These actions shall be referred to herein as the "Consolidated Action."  This Order shall apply to the Consolidated Action and to each case that is subsequently filed in this Court that relates to the same subject matter as in the Consolidated Action.

3.      Every pleading in the Consolidated Action shall hereafter bear the following caption:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE CROCS, INC. SECURITIES LITIGATION | Consol. C.A. No.: 1:25-cv-00096-JLH  CLASS ACTION |

**II.      APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**

4.      Having reviewed all pending motions and accompanying memoranda of law, the Court hereby appoints John D. Burgess ("Burgess") as Lead Plaintiff in the Consolidated Action. Burgess satisfies the requirements for Lead Plaintiff pursuant to Section 21D(a)(3)(B)(iii) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the requirements of Fed. R. Civ. P. 23.

5.      Lead Plaintiff, pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, has selected and retained Pomerantz LLP as Lead Counsel and deLeeuw Law LLC as Liaison Counsel for the Class

2

in the Consolidated Action, which choices the Court likewise hereby approves.

6.      Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel to whom Lead Counsel shall designate as needed in Lead Counsel's discretion, *inter alia*:

(a)      coordinate and oversee the preparation of pleadings;

(b)      coordinate and oversee the briefing and argument of motions;

(c)      coordinate and oversee the conduct of discovery;

(d)      coordinate and oversee examination of witnesses;

(e)      coordinate and oversee all status and pretrial conferences;

(f)      coordinate and oversee all settlement negotiations;

(g)      coordinate and oversee trial preparation and trial; and

(h)      coordinate and oversee any other matters concerning the prosecution, resolution or settlement of this Consolidated Action.

7.      No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs or other Class members without the approval of Lead Plaintiff and Lead Counsel, so as to prevent duplicative pleadings or discovery.  No settlement negotiations shall be conducted without the approval of Lead Plaintiff and Lead Counsel.

8.      Counsel in any related action that is consolidated with this Consolidated Action shall be bound by the organization of Plaintiffs' counsel set forth herein.

9.      Lead Counsel shall be the primary contact amongst Plaintiffs' counsel and between Plaintiffs' counsel and the Court and Defendants' counsel and shall direct and coordinate all activities of Plaintiffs' counsel.

10.      This Order shall apply to the above-captioned actions and to each case that relates to the same subject matter that is subsequently filed in this District or is transferred to this District, and is consolidated with the above-captioned action.

11.     The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that may properly be consolidated with the above-captioned actions.

12.     When a case that arises out of the same subject matter as the above-captioned actions is hereinafter filed in this Court or transferred from another court, the Clerk of this Court shall:

a.   file a copy of this Order in the separate file for such action; and

b.   make the appropriate entry in the docket for the above-captioned action.

13.     This Order shall apply thereto, unless a party objects to consolidation (as provided for herein), or to any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party by filing an application for relief, and this Court deems it appropriate to grant such application.  Nothing in the foregoing shall be construed as a waiver of Defendants' right to object to consolidation of any subsequently filed or transferred related action.

**IT IS SO ORDERED.**

DATED: _____

_____
THE HONORABLE JENNIFER L. HALL
UNITED STATES DISTRICT JUDGE

4