**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MICHAEL ANTHONY CARRETTA, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:25-cv-00096-JLH |
| Plaintiff, | |
| v. | |
| CROCS, INC., ANDREW REES, ANNE MEHLMAN, and SUSAN HEALY, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION**
**OF PAULA BOSLER FOR APPOINTMENT AS LEAD PLAINTIFF AND**
**APPROVAL OF HER SELECTION OF LEAD COUNSEL**

Derrick B. Farrell (Bar No. 5747)
**BLEICHMAR FONTI & AULD LLP**
3411 Silverside Road
Baynard Building, Suite 104
Wilmington, Delaware 19810
Telephone: (302) 499-2112
Facsimile: (302) 691-1331
dfarrell@bfalaw.com

*Counsel for Proposed Lead Plaintiff Paula Bosler*
*and Proposed Lead Counsel for the Class*

[*Additional Counsel on Signature Page*]

Dated: March 24, 2025

# **TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS ..................................................... 1

SUMMARY OF THE ARGUMENT ....................................................................... 2

FACTUAL BACKGROUND.................................................................................. 3

ARGUMENT ....................................................................................................... 4

    A.    Ms. Bosler's Motion is Timely ........................................................... 4

    B.    Ms. Bosler Is The Most Adequate Plaintiff ........................................ 5

        1.    Ms. Bosler Believes She Has The Largest Financial Interest In The Relief Sought By The Class.................................................................5

        2.    Ms. Bosler Otherwise Satisfies The Requirements Of Rule 23..............................6

    C.    Ms. Bosler Selected Well-Qualified Lead Counsel To Represent The Class.................. 8

CONCLUSION.................................................................................................... 9

# TABLE OF AUTHORITIES

## Cases

*City of Roseville Emps'. Ret. Sys. v. Horizon Lines Inc.*, 2009 WL 1811067 (D. Del. June 18, 2009) ........................................................................................................................... 7

*Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005) ...................................................... 2, 5

*In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001)................................................................ 6

*Lax v. First Merchants Acceptance Corp.*,
  No. 97 C 2715, 1997 WL 461035 (N.D. Ill. Aug. 11, 1997)....................................................... 6

*Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265 (S.D.N.Y. 2015)............................................. 5

## Statutes and Regulations

15 U.S.C. § 78........................................................................................................ 1, 2, 4, 5, 6, 8

17 C.F.R. § 240.10b-5.................................................................................................................. 1

Fed. R. Civ. P. 23 ................................................................................................................. 2, 6, 7

Paula Bosler respectfully submits this memorandum of law in support of her motion: (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of her selection of Bleichmar Fonti & Auld LLP ("BFA") as Lead Counsel for the putative Class; and (3) for any such further relief as the Court may deem just and proper.

## NATURE AND STAGE OF THE PROCEEDINGS

On January 22, 2025, Plaintiff Michael Anthony Carretta filed the above-captioned securities class action alleging that from November 3, 2022 through October 28, 2024, inclusive (the "Class Period"), Crocs, Inc. ("Crocs" or the "Company") and certain of its senior executives (collectively, "Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thfereunder (17 C.F.R. § 240.10b-5).  Specifically, the complaint alleges that Defendants misrepresented that demand for its HEYDUDE footwear brand was largely driven by a conscious decision on the part of Crocs management to aggressively stock its third-party wholesaler pipeline with HEYDUDE products, regardless of the level of retail demand being experienced by those wholesalers.

Ms. Bosler and other investors incurred significant losses following disclosures that the Company's revenue growth was not indicative of true retail demand.  This case is at the preliminary stage and no material developments have occurred since the complaint was filed. Because this case is subject to the PSLRA, the court is to appoint a Lead Plaintiff and approve the Lead Plaintiff's selection of counsel.  *See* 15 U.S.C. § 78u-4(a)(3)(B).

## SUMMARY OF THE ARGUMENT

1.    Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Ms. Bosler respectfully submits that she is the "most adequate plaintiff" by virtue of, among other things, the roughly $134,000 in losses she incurred on her investments in Crocs common stock during the Class Period, as assessed under the U.S. Supreme Court's ruling in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005).

2.    Ms. Bosler also satisfies the relevant requirements of Rule 23 because her claims are typical of all members of the putative Class, and she will fairly and adequately represent the Class.  Indeed, Ms. Bosler fully understands the Lead Plaintiff's obligations to the proposed Class under the PSLRA and is willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee vigorous prosecution of this action.  *See* Declaration of Derrick Farrell ("Farrell Decl."), Ex. A.

3.    The PSLRA also states that "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).  Ms. Bosler has selected BFA, a law firm with substantial experience successfully prosecuting securities class actions, to serve as Lead Counsel for the putative Class. Accordingly, Ms. Bosler respectfully requests that the Court appoint her Lead Plaintiff and otherwise grant her motion.

2

**FACTUAL BACKGROUND**

Crocs is a casual lifestyle footwear brand.  ¶34.  All citations to ¶__ refer to the complaint, unless otherwise indicated.  *See* D.I. 1.  In February 2022, Crocs completed its acquisition of HEYDUDE, a footwear brand focusing on casual, comfortable, and lightweight footwear.  *Id.*

During the Class Period, Defendants stated that the strong HEYDUDE brand revenue growth post-acquisition was representative of strong demand and the brand's growth potential.  On November 3, 2022, Defendant Rees stated that HEYDUDE products were seeing "strong consumer demand and strong [wholesale] sell-out" and that Crocs would not "play the game of forcing inventory into [wholesalers] and getting them overstocked."  ¶37.

As alleged, these statements were materially false and misleading.  In truth, the Company's strong HEYDUDE brand revenue growth was primarily fueled by aggressively pushing excess inventory into third-party wholesale channels.  ¶4.  What's more, after the Company's retail partners began to de-stock this excess inventory, Defendants further misled investors by concealing that waning product demand for HEYDUDE shoes would further impact the Company's financial results.  ¶4.

Investors allegedly began to learn the truth on April 27, 2023, when Defendant Rees revealed that much of HEYDUDE's 2022 revenue growth was due to "significant pipeline fills" and "open[ing] a lot of big national accounts last year."  ¶40.  On this news, the price of Crocs common stock declined $23.46 per share, or nearly 16%, from a close of $147.78 per share on April 26, 2023, to close at $124.32 per share on April 27, 2023.  ¶41.

Defendants, however, continued to mislead investors regarding the impact of the Company's overstocking wholesalers and retailers, and further misled investors by concealing that waning product demand would significantly exacerbate the negative impact on the Company's

3

financial results. ¶54. For example, on February 15, 2024, Defendant Rees stated that during 2023 the HEYDUDE brand "gained [substantial] market share in the fashion casual category" and reassured investors that Crocs had "gone through the process of cleaning up our account base because [of] . . . too much inventory." ¶55.

Ultimately, on October 29, 2024, the Company reported its Q3 2024 financial results. During the same-day earnings call, Defendant Rees revealed that HEYDUDE's business "will take longer than we had initially planned . . . to turn the corner." ¶62. Defendant Rees attributed HEYDUDE's struggles to "excess inventories in the market" and admitted that it had failed to make "all the progress we want to make" in resolving the inventory issue. *Id.* On this news, the price of Crocs common stock declined $26.47 per share, or approximately 19.2%, from a close of $138.05 per share on October 28, 2024, to close at $111.58 per share on October 29, 2024. ¶63.

## ARGUMENT

### A.  Ms. Bosler's Motion is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). On January 22, 2025, Plaintiff Michael Anthony Carretta filed the instant action. *See* D.I. 1. On the same day, counsel for Mr. Carretta published notice of the pendency of the action on *NewMediaWire*, which alerted investors to the pendency of the action and set the deadline to seek Lead Plaintiff status by March 24, 2025. *See* Farrell Decl. Ex. B. Accordingly, Ms. Bosler satisfies the PSLRA's 60-day requirement through the filing of this motion.

4

### B.  Ms. Bosler Is The Most Adequate Plaintiff

Ms. Bosler respectfully submits that she is entitled to be appointed Lead Plaintiff because she is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that has "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  As discussed below, Ms. Bosler believes she is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### 1.     Ms. Bosler Believes She Has The Largest Financial Interest In The Relief Sought By The Class

Ms. Bosler believes that she has the largest financial interest in the relief sought by the proposed Class and thus should be appointed Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Ms. Bosler incurred a recoverable loss of roughly $134,000 on her investments in Crocs stock during the Class Period as assessed under the Supreme Court's ruling in *Dura*.  "While the *Dura* court addressed a motion to dismiss, the Court's reasoning applies with equal force to a motion to appoint [lead plaintiff and] lead counsel." *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 273 (S.D.N.Y. 2015).  "In *Dura,* [] the [Supreme] Court noted that where the purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss." *Id.* (internal quotations omitted).  Accordingly, "[r]elying on losses that, under *Dura,* are clearly not recoverable is irreconcilable with this Court's duty to ascertain which plaintiff has the greatest financial interest in this litigation." *Id.* at 274.

In addition to losses, the Third Circuit also stated that courts may also consider "(1) the number of shares that the movant purchased during the putative class period; [and] (2) the total net funds expended by the plaintiffs during the class period," when warranted. *In re Cendant Corp.*

5

*Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).  Courts may also consider the total number of net shares purchased during the Class Period.  *See Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) (identifying (1) total number of shares purchased; (2) number of net shares purchased; (3) total net funds expended; and (4) approximate losses suffered, as four factors for courts to consider when determining the largest financial interest).  The table below summarizes each factor.

|  | **Shares Purchased** | **Net Shares Purchased** | **Approx. Net Funds Expended** | **Approx. Dura Loss** |
|---|---|---|---|---|
| **Ms. Bosler** | 13,955 | 4,845 | $619,000 | $134,000 |

To the best of Ms. Bosler's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation.  Ms. Bosler's PSLRA-required Certification is provided as Exhibit C to the Farrell Decl.  In addition, a chart setting forth calculations of Ms. Bosler's financial interest is provided as Exhibit D to the Farrell Decl.[1] Accordingly, Ms. Bosler believes that she has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 2.    Ms. Bosler Otherwise Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Ms. Bosler otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

---

[1] Ms. Bosler incurred a loss of roughly $102,000 on her Class Period investments in Crocs stock without considering the impact *Dura*.  Ms. Bosler provides this information for ease of comparison to the extent other movants present their losses without considering the impact of *Dura.*  Ms. Bosler's PSLRA certification and loss calculation provide all the trading information necessary to calculate her financial interest under all possible metrics and do not presuppose that there is only one valid methodology.

On a motion to serve as Lead Plaintiff, the "the movant must establish only a *prima facie* case of typicality and adequacy under traditional Rule 23 principles." *City of Roseville Emps'. Ret. Sys. v. Horizon Lines Inc.*, 2009 WL 1811067, at *2 (D. Del. June 18, 2009).  Here, Ms. Bosler satisfies both requirements.

Ms. Bosler's claims are typical of the claims of other purchasers of Crocs stock.  Typicality is satisfied when the "legal theory upon which the movant bases its claims, 'are [not] markedly different' from those of the other class members."  *Id.*  Here, Ms. Bosler's and all other putative Class members' claims arise from the same course of events and their legal arguments to prove Defendants' liability are nearly identical.  Like all other Class members, Ms. Bosler: (1) purchased Crocs stock during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby.  *See id*. (stating that there was "no evidence" of atypicality arising out of harm incurred as a result of alleged Exchange Act violations). As such, Ms. Bosler is a typical Class representative.

Ms. Bosler likewise satisfies the adequacy requirement of Rule 23.  Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  "When considering adequacy, we assess whether the movant has the ability and incentive to vigorously represent the class['s] claims, whether it has obtained adequate counsel, and whether there is any conflict between the movant's claims and the claims it asserts on behalf of the class." *Id.*  Ms. Bosler satisfies these elements because her substantial financial stake in the litigation provides the ability and incentive to vigorously represent the proposed Class's claims. Ms. Bosler's interests are squarely aligned with those of the other Class members and are not antagonistic in any way.  There are no facts to suggest any actual or potential conflict of interest or other antagonism between Ms. Bosler and other Class members.

Indeed, Ms. Bosler is committed to discharging her obligations as a Lead Plaintiff under the PSLRA to oversee and supervise the litigation separate and apart from counsel, and submitted a sworn declaration as to her willingness and ability to fulfill those duties. *See* Farrell Decl., Ex. A. What's more, Ms. Bosler's declaration provides the Court with additional information supporting her bona fides, including explaining who she is, that she is an experienced investor with over twenty years of investing experience, and given her substantial financial interest in the litigation, that she intends to continue to actively oversee counsel, confer with counsel regarding litigation strategy, attend important court proceedings, hearings, depositions and mediations, and review and authorize the filing of important litigation documents. *See id.* ¶¶2-8.

Further, Ms. Bosler has demonstrated her adequacy through her selection of BFA as Lead Counsel to represent the proposed Class in this action. As discussed more fully below, BFA is highly qualified and experienced in the area of securities class actions and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

### C.  Ms. Bosler Selected Well-Qualified Lead Counsel To Represent The Class

The PSLRA provides that the Lead Plaintiff is to select and retain counsel to represent the Class it seeks to represent, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Lead Plaintiff's choice of counsel is not to be disturbed unless doing so is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

BFA is among the foremost securities class action law firms in the country. BFA's partners have served as Lead and Co-Lead Counsel on behalf of dozens of investors in securities class actions and have secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades. *See* Farrell Decl. Ex. E. For example, BFA recently achieved a $420 million resolution on behalf of investors in *Ontario Teachers' Pension Plan Board v. Teva Pharmaceutical Industries Ltd.*, No. 3:17-cv-00558-SRU (D. Conn.). BFA also

8

recently secured a $129 million resolution on behalf of investors in *The Police Retirement System of St. Louis v. Granite Construction Inc.*, No. 3:19-cv-04744-WHA (N.D. Cal.). Previously, BFA secured a $234 million resolution for the benefit of the class in *In re MF Global Holdings Ltd. Securities Litigation*, No. 1:11-cv-07866-VM (S.D.N.Y.), as well as a $120 million recovery in *Freedman v. Weatherford International Ltd.*, No. 1:12-cv-02121-LAK (S.D.N.Y.). BFA also secured a $219 million resolution in *In re Genworth Financial, Inc. Securities Litigation*, 3:14-cv-00682-JAG (E.D. Va.), which represents the largest securities class action recovery ever achieved in the Eastern District of Virginia. Thus, the Court may be assured that by granting this motion, the proposed Class will receive the highest caliber of legal representation.

## CONCLUSION

For the reasons discussed above, Ms. Bosler respectfully requests that the Court: (1) appoint her to serve as Lead Plaintiff; (2) approve her selection of BFA as Lead Counsel for the proposed Class; and (3) grant any such further relief as the Court may deem just and proper.

Dated:  March 24, 2025

Respectfully Submitted,

**BLEICHMAR FONTI & AULD LLP**

*/s/ Derrick B. Farrell*
Derrick B. Farrell (Bar No. 5747)
3411 Silverside Road
Baynard Building, Suite 104
Wilmington, Delaware 19810
Telephone: (302) 499-2112
Facsimile: (302) 691-1331
dfarrell@bfalaw.com

-and-

Javier Bleichmar (*pro hac vice* forthcoming)
300 Park Ave., Suite 1301
New York, New York 10022
Telephone: (212) 789-1340
Facsimile: (212) 205-3960

9

jbleichmar@bfalaw.com

-and-

Adam C. McCall (*pro hac vice* forthcoming)
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (212) 789-2303
Facsimile: (415) 445-4020
amccall@bfalaw.com

*Counsel for Proposed Lead Plaintiff Paula
Bosler, and Proposed Lead Counsel for the
Putative Class*