UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL ANTHONY CARRETTA, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 1:25-cv-00096-JLH |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| CROCS, INC., et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PROPOSED LEAD PLAINTIFF TEAMSTERS LOCAL 237 ADDITIONAL SECURITY BENEFIT FUND AND TEAMSTERS LOCAL 237 SUPPLEMENTAL FUND FOR HOUSING AUTHORITY EMPLOYEES' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF SELECTION OF COUNSEL</u>**

ROBBINS GELLER RUDMAN
  & DOWD LLP
Christopher H. Lyons (#5493)
1521 Concord Pike, Suite 301
Wilmington, DE  19803
Telephone:  302/467-2660

ROBBINS GELLER RUDMAN
  & DOWD LLP
Michael Albert
Kenneth P. Dolitsky
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058

**MARCH 24, 2025**

4908-9711-1596

## I.    PRELIMINARY STATEMENT

This is a securities class action lawsuit on behalf of purchasers or acquirers of Crocs, Inc. ("Crocs" or the "Company") common stock between November 3, 2022 and October 28, 2024 (the "Class Period"), against Crocs and several of its executives, alleging violations of the Securities Exchange Act of 1934 ("Exchange Act").  The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that district courts "shall appoint the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

Here, Teamsters Local 237 Additional Security Benefit Fund and Teamsters Local 237 Supplemental Fund for Housing Authority Employees (collectively, the "Teamsters Local 237 Funds") should be appointed as lead plaintiff because they: (1) timely filed this motion; (2) have a substantial financial interest in the outcome of this litigation; and (3) otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Court should approve the Teamsters Local 237 Funds' selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

This case is a putative class action alleging violations of the Exchange Act.  The case is in its procedural infancy due to the PSLRA's lead plaintiff and stay provisions.  *See* 15 U.S.C. §78u-4(a)- (b).  Once a lead plaintiff is appointed, the Court-appointed lead plaintiff will likely file an amended complaint, followed by defendants' responsive pleading (most likely a motion to dismiss) and briefing on the anticipated Rule 12(b)(6) motion.  Pursuant to the PSLRA, "all discovery and other

- 1 -

proceedings shall be stayed during the pendency of any motion to dismiss." *See* 15 U.S.C. §78u-4(b)(3)(B).

## III.     SUMMARY OF ARGUMENT

The PSLRA requires district courts to appoint the most adequate plaintiff as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(i).  The Teamsters Local 237 Funds respectfully submit that they should be appointed as lead plaintiff because they: (1) timely filed a motion; (2) have a substantial financial interest in the relief sought by the class; and (3) otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

The PSLRA also provides that "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. §78u-4(a)(3)(B)(v).  The Teamsters Local 237 Funds have selected Robbins Geller as lead counsel and respectfully request that the Court approve that choice.

## IV.     STATEMENT OF FACTS

Crocs is a casual lifestyle footwear brand.  Crocs common stock trades on the NASDAQ under the symbol CROX.  In February 2022, Crocs completed its acquisition of HEYDUDE, a footwear brand focusing on casual, comfortable, and lightweight footwear.  Crocs' CEO, defendant Andrew Rees, assured investors that Crocs would not "play the game of forcing inventory into [wholesalers] and getting them overstocked."  D.I. 1 at ¶4.

However, the complaint alleges that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose: (i) the nature and sustainability of HEYDUDE's revenue growth by concealing that 2022 revenue growth was driven, in large part, by Crocs' efforts to stock third-party wholesalers and retailers following the February 2022 acquisition of HEYDUDE; and (ii) that as Crocs' retail partners began to destock this excess inventory, waning product demand further negatively impacted Crocs' financial results.

- 2 -

4908-9711-1596

The truth about Crocs' effort to conceal the nature and sustainability of HEYDUDE's revenue growth came to light through a serious of partial disclosures from April 27, 2023 through October 29, 2024, each having the effect of reducing Crocs' stock price, damaging investors.

As a result of defendants' wrongful acts and omissions, and the precipitous declines in the market value of Crocs common stock, the Teamsters Local 237 Funds and other class members have suffered significant losses and damages.

## V.    ARGUMENT

### A.    The Teamsters Local 237 Funds Are the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001). The Teamsters Local 237 Funds meet each of these requirements and should be appointed Lead Plaintiff.

- 3 -

4908-9711-1596

**1.    This Motion Is Timely**

The statutory notice published in the action on January 22, 2025 advised putative class members of the action's pendency, the allegations asserted, the proposed class definition, and the right to move the Court to be appointed as lead plaintiff by March 24, 2025. *See* Declaration of Christopher H. Lyons in Support of Proposed Lead Plaintiff Teamsters Local 237 Additional Security Benefit Fund and Teamsters Local 237 Supplemental Fund for Housing Authority Employees' Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Lyons Decl."), Ex. A, filed concurrently herewith. Because this motion is being filed by the statutory deadline, it is timely, and the Teamsters Local 237 Funds are entitled to be considered for appointment as lead plaintiff.

**2.    The Teamsters Local 237 Funds Have the Largest Financial Interest in the Relief Sought by the Class**

As evidenced by their Certifications and loss chart, the Teamsters Local 237 Funds purchased 4,623 shares of Crocs common stock during the Class Period and suffered approximately $190,208 in losses under the "last-in, first-out" (LIFO) accounting methodology, all of which are recoverable under the Supreme Court's decision in *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005) . *See* Lyons Decl., Exs. B-C. To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Teamsters Local 237 Funds satisfy the PSLRA's largest financial interest requirement.

**3.    The Teamsters Local 237 Funds Otherwise Satisfy the Requirements of Fed. R. Civ. P. 23**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and

- 4 -

adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cendant*, 264 F.3d at 263-64 (focusing on typicality and adequacy at the lead plaintiff stage).

"[I]n inquiring whether the movant has preliminarily satisfied the typicality requirement, [courts] should consider whether the circumstances of the movant with the largest losses 'are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based.'" *Id.* at 265 (alterations in original and citations omitted). "In assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether the movant 'has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" *Id.* (alterations in original and citations omitted).

Like all class members, the Teamsters Local 237 Funds acquired Crocs common stock during the Class Period and suffered harm as a result of defendants' alleged misconduct. As such, the Teamsters Local 237 Funds suffered the same injuries as the other putative class members as a result of the same alleged conduct by defendants and have claims based on the same legal issues. In addition, the Teamsters Local 237 Funds have submitted Certifications confirming their willingness and ability to serve as lead plaintiff. *See* Lyons Decl., Ex. B. The Teamsters Local 237 Funds' substantial financial interest indicates the Teamsters Local 237 Funds have the requisite incentive to vigorously represent the class' claims. Moreover, as institutional investors and experienced fiduciaries, the Teamsters Local 237 Funds will vigorously prosecute this action with the assistance of its qualified counsel (as discussed below). Finally, the Teamsters Local 237 Funds are not subject to unique defenses.

4908-9711-1596

With hundreds of millions of dollars in assets, the Teamsters Local 237 Funds are multiemployer defined benefit pension plans established for the purpose of providing pension and death benefits to eligible participants and beneficiary. Indeed, the Teamsters Local 237 Funds are precisely the type of sophisticated investors that Congress intended to empower to lead complex securities class actions, like the current action. *See Cendant*, 264 F.3d at 244 (finding that the PSLRA was designed "'to increase the likelihood that institutional investors will serve as lead plaintiffs'"). Accordingly, the Court should find that the Teamsters Local 237 Funds have made a *prima facie* showing of typicality and adequacy.

### B. The Court Should Approve the Teamsters Local 237 Funds' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *Cendant*, 264 F.3d at 273-74. The Teamsters Local 237 Funds have selected Robbins Geller as lead counsel in this case.

Robbins Geller, a 200-attorney firm with offices nationwide, including an office in this district, regularly represents clients in complex class action litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[1] District courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g., In re Valeant Pharm. Int'l, Inc. Sec.*

---

[1] For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com. A copy of Robbins Geller's firm resume is available upon the Court's request, if preferred.

*Litig.*, No. 3:15-cv-07658-MAS-LHG, ECF 67 (D.N.J. May 31, 2016) (appointing Robbins Geller as lead counsel in securities case); *Teamsters Local 237 Additional Sec. Benefit Fund and the Teamsters Local 237 Supplemental Fund for Housing Auth. Emps., et al. v. Caruso*, C.A. No. 2020-0620-PAF, at 33 (Del. Ch. Jan. 10, 2024) (TRANSCRIPT) (Concerning Robbins Geller's role as lead counsel and the Teamsters Local 237 Funds' role as plaintiff: "As I have already discussed, this recovery is a very good result for the class, given the difficulties that the plaintiffs would have faced at trial and potentially on appeal.").

Notably, the Teamsters Local 237 Funds selected a law firm which has obtained a historic $1.21 billion settlement in this Circuit in *Valeant*, No. 3:15-cv-07658-MAS-LHG, the largest securities class action settlement ever against a pharmaceutical manufacturer, and the ninth largest securities class action settlement ever. Additionally, Robbins Geller has obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits. *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*,

4908-9711-1596

No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

Thus, the Court can be assured that by approving the Teamsters Local 237 Funds' choice of Robbins Geller as lead counsel the putative class will receive the highest caliber of representation.

## VI.    CONCLUSION

The Teamsters Local 237 Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Teamsters Local 237 Funds respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Robbins Geller as Lead Counsel.

DATED:  March 24, 2025                    Respectfully submitted,

                                          ROBBINS GELLER RUDMAN
                                            & DOWD LLP


                                          */s/ Christopher H. Lyons*
                                          Christopher H. Lyons (#5493)
                                          1521 Concord Pike, Suite 301
                                          Wilmington, DE  19803
                                          Telephone:  302/467-2660
                                          clyons@rgrdlaw.com

                                          ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                          Michael Albert
                                          Kenneth P. Dolitsky
                                          655 West Broadway, Suite 1900
                                          San Diego, CA  92101
                                          Telephone:  619/231-1058
                                          malbert@rgrdlaw.com
                                          kdolitsky@rgrdlaw.com

                                          Proposed Lead Counsel for Proposed Lead Plaintiff

- 8 -

4908-9711-1596