UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL ANTHONY CARRETTA, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Civil Action No. 1:25-cv-00096-JLH<br><br>CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| CROCS, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |
| NEIL SHAH, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 1:25-cv-00356-JLH<br><br>CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| CROCS, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

PROPOSED LEAD PLAINTIFF TEAMSTERS LOCAL 237 ADDITIONAL SECURITY BENEFIT FUND AND TEAMSTERS LOCAL 237 SUPPLEMENTAL FUND FOR HOUSING AUTHORITY EMPLOYEES' BRIEF IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND SELECTION OF COUNSEL

ROBBINS GELLER RUDMAN
  & DOWD LLP
Christopher H. Lyons (#5493)
1521 Concord Pike, Suite 301
Wilmington, DE  19803
Telephone:  302/467-2660

ROBBINS GELLER RUDMAN
  & DOWD LLP
Michael Albert
Kenneth P. Dolitsky
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058

**APRIL 7, 2025**

4898-1183-3650.v2

## TABLE OF CONTENTS

**Page**

I.    STAGE OF PROCEEDINGS AND SUMMARY OF FACTS AND ARGUMENT ...................................................................................................1

II.   ARGUMENT .......................................................................................................2

    A.    The Teamsters Local 237 Funds Meet the PSLRA's Requirements and Should Be Appointed Lead Plaintiff.......................................................2

    B.    The Presumption of "Most Adequate Plaintiff" Which Lies in Favor of the Teamsters Local 237 Funds Cannot Be Rebutted ...............................3

III.  CONCLUSION....................................................................................................4

4898-1183-3650.v2

## TABLE OF AUTHORITIES

**Page**

**CASES**

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ...................................................................................2, 3

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)....................................................................................2, 3

*In re Cendant Corp. Sec. Litig.*,
   404 F.3d 173 (3d Cir. 2005)........................................................................................2

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) ...................................................................................2

*Lian v. Tuya Inc.*,
   2022 WL 17850134 (S.D.N.Y. Dec. 22, 2022) .........................................................2

*Roby v. Ocean Power Techs., Inc.*,
   2015 WL 1334320 (D.N.J. Mar. 17, 2015)................................................................2

*Soto v. Hensler*,
   235 F. Supp. 3d 607 (D. Del. 2017)...........................................................................2

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
   §78u-4(a)(3)(B)(iii)(I).............................................................................................1, 2
   §78u-4(a)(3)(B)(iii)(I)(cc)...........................................................................................3

Federal Rules of Civil Procedure
   Rule 23 ...................................................................................................................1, 2, 3
   Rule 23(a).....................................................................................................................3
   Rule 42(a)..................................................................................................................1, 4

4898-1183-3650.v2

## I.   STAGE OF PROCEEDINGS AND SUMMARY OF FACTS AND ARGUMENT

Six motions were filed seeking consolidation of related actions, appointment as lead plaintiff, and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") by: (1) Teamsters Local 237 Additional Security Benefit Fund and Teamsters Local 237 Supplemental Fund for Housing Authority Employees (collectively, the "Teamsters Local 237 Funds"); (2) Paula Bosler; (3) Gene Nadler; (4) Neil Shah and Richard Lunn; (5) Grindyzer Inc.; and (6) John D. Burgess.  *See* D.I. 20, 14, 15, 7, 4, 11, respectively.  On March 26, 2025, Mr. Nadler withdrew his motion.  *See* D.I. 25.  On March 28, 2025, Grindyzer Inc. withdrew its motion.  *See* D.I. 26.  On April 7, 2025, Ms. Bosler filed a response noting that she "has reviewed the competing Lead Plaintiff motions and has determined that movant [Teamsters Local 237 Funds] has a larger financial interest in this case."  *See* D.I. 27.

Based on information provided in the original submissions by the lead plaintiff movants, the Teamsters Local 237 Funds are the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The Teamsters Local 237 Funds' loss of over $190,000 exceeds the ***combined*** losses of all five competing movants.  Moreover, the Teamsters Local 237 Funds otherwise meet the "typicality" and "adequacy" requirements of Rule 23 of the Federal Rules of Civil Procedure.  As such, the Teamsters Local 237 Funds are the presumptive lead plaintiff pursuant to the PSLRA.  Moreover, because none of the competing movants can rebut the statutory presumption in the Teamsters Local 237 Funds' favor, the competing motions should be denied.[1]

---

[1]   All parties appear to agree that consolidation of the above-captioned related securities class actions is appropriate pursuant to Fed. R. Civ. P. 42(a), as both actions involve the same claims under the Securities Exchange Act of 1934 against the same defendants in the same Class Period.

- 1 -

4898-1183-3650.v2

II.    **ARGUMENT**

A.    **The Teamsters Local 237 Funds Meet the PSLRA's Requirements and Should Be Appointed Lead Plaintiff**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who "otherwise satisfies the requirements of Rule 23." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001); *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 192 (3d Cir. 2005); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

In this Circuit, while courts can consider three factors (shares purchased, net funds expended, and approximate losses) to determine the largest financial interest, "[t]he Third Circuit has concluded that 'largest financial interest' means the largest loss." *Roby v. Ocean Power Techs., Inc.*, 2015 WL 1334320, at *5 (D.N.J. Mar. 17, 2015) (citing *Cendant*, 264 F.3d at 262); *see also Soto v. Hensler*, 235 F. Supp. 3d 607, 615 (D. Del. 2017) ("Courts in this Circuit have afforded the [approximate losses] the most weight."); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151-52 (D. Del. 2005); *accord Lian v. Tuya Inc.*, 2022 WL 17850134, at *2 (S.D.N.Y. Dec. 22, 2022) (appointing movant with "nearly 15% higher loss suffered" even though opposing movant purchased more shares and had greater net expenditures).

There can be no legitimate dispute, then, that the Teamsters Local 237 Funds possess the "largest financial interest" in this litigation – almost double the losses of the next largest movant Paula Bosler.

| MOVANT | CLAIMED LOSS |
|---|---|
| Teamsters Local 237 Additional Security Benefit Fund and Teamsters Local 237 Supplemental Fund for Housing Authority Employees | $190,208 |
| Paula Bosler | $101,712 |
| Gene Nadler | $29,962 |

- 2 -

| MOVANT | CLAIMED LOSS |
|---|---|
| Neil Shah and Richard Lunn | $28,770 |
| Grindyzer Inc. | $12,620 |
| John D. Burgess | $10,008 |

Aside from having the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, the Teamsters Local 237 Funds must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Here, there is no question that the Teamsters Local 237 Funds satisfy this requirement. *See* D.I. 21 at 4-6.

Because the Teamsters Local 237 Funds clearly have the largest financial interest and satisfy Rule 23's requirements, they are presumptively the "most adequate plaintiff."

### B.   The Presumption of "Most Adequate Plaintiff" Which Lies in Favor of the Teamsters Local 237 Funds Cannot Be Rebutted

The presumptive lead plaintiff, in this case the Teamsters Local 237 Funds, must be appointed unless it is ***proven*** that they will not satisfy the typicality and adequacy requirements of Rule 23(a). "[O]nce the presumption is triggered, the question ***is not*** whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant*, 264 F.3d at 268 (emphasis in original) (citation omitted); *see also Cavanaugh*, 306 F.3d at 730-32.

The Teamsters Local 237 Funds have made the required *prima facie* showing of typicality and adequacy. *See* D.I. 21 at 4-6. Moreover, the Teamsters Local 237 Funds – as the only institutional investors before the Court – are the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See generally Cendant,* 264 F.3d at 273 ("Both the Conference Committee Report and the Senate Report state that

- 3 -

the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members.").

In addition, no competing movant can present proof to rebut the presumption which lies in favor of the Teamsters Local 237 Funds. The Teamsters Local 237 Funds have selected counsel that are highly experienced in securities litigation. *See id*. at 6-8. Consequently, the presumption of "most adequate plaintiff" cannot be rebutted. The Teamsters Local 237 Funds' motion for appointment as lead plaintiff and approval of lead plaintiff's selection of lead counsel should be granted and the competing motions should be denied.

## III. CONCLUSION

The Teamsters Local 237 Funds possess the largest financial interest in the relief sought by the class. In addition, the Teamsters Local 237 Funds meet the requirements of adequacy and typicality, and the presumption which lies in their favor cannot be rebutted. Therefore, the Teamsters Local 237 Funds respectfully request that this Court enter an order: (1) consolidating the above-captioned related actions pursuant to Rule 42(a); (2) appointing the Teamsters Local 237 Funds to serve as Lead Plaintiff in the action; (3) approving the Teamsters Local 237 Funds' selection of Lead Counsel; and (4) denying the competing motions for appointment as lead plaintiff.

DATED: April 7, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP

*/s/ Christopher H. Lyons*

Christopher H. Lyons (#5493)
1521 Concord Pike, Suite 301
Wilmington, DE  19803
Telephone:  302/467-2660
clyons@rgrdlaw.com

- 4 -

4898-1183-3650.v2

ROBBINS GELLER RUDMAN
  & DOWD LLP
Michael Albert
Kenneth P. Dolitsky
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 5 -

4898-1183-3650.v2